IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY MARSHALL, #183-459,  *

Plaintiff  *

v  *  Civil Action No. CCB-16-1713

MARK J. CARTER, DIRECTOR  *
SGT. SGT. KANDICE MILL
OFFICER MICHAEL HICKEY[1]  *
OFFICER SPITZER
WARDEN RICHARD J. GRAHAM, JR.  *
JAMES TICHNELL
BRADLEY O. BUTLER  *
OFFICER ROBERT GOSS
 *
Defendants
   ***

## MEMORANDUM

Gregory Marshall, a Maryland Division of Correction prisoner housed at Western Correctional Institution ("WCI"), seeks money damages for injuries sustained in an incident that occurred on July 22, 2015, during Marshall's transport from North Branch Correctional Institution ("NBCI") to a court hearing.  Marshall also seeks injunctive relief mandating his transfer from WCI to another facility in order to shield him from retaliation from those involved in the incident.  He names Officers Hickey and Spitzer as the individuals who allegedly denied him pain medication and assaulted him during transport on July 22, 2015, and claims generally that the other defendants ignored his concerns regarding threats and retaliation during the investigation of the incident or during his monthly segregation review meetings.  (ECF 1).  In addition to the complaint, Marshall provides a motion for leave to proceed in forma pauperis. (ECF 2).

---

[1] The Clerk shall amend the docket to reflect all party defendants.

Marshall, a self-represented litigant who has repeatedly filed complaints subject to dismissal under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), is barred generally from civil filings under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).[2]  For reasons to follow, dismissal of the complaint without prejudice is appropriate under the "three strikes" provision.

## Analysis

Because Marshall has "three strikes" under the PLRA, he is not permitted to file a civil action unless he pays the full filing fee or proves he is under imminent danger of serious physical injury.  Marshall has not paid the filing fee.  The July 22, 2015 incident does not meet the criteria for consideration under the "three strikes" provision, and Marshall's claim for money damages for injuries sustained in the incident must be dismissed without prejudice.  As to his allegation of possible retaliation, aside from his self-serving and speculative claim that he may be injured if not transferred from WCI, Marshall does not demonstrate that he is in imminent danger of serious physical harm.

Federal courts have long recognized that the grant of interim equitable relief is an "extraordinary remedy involving the exercise of a very far-reaching power." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). A plaintiff seeking such relief must establish that he is "likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. National Resource Defense Council, Inc.*, 555 U.S. 7, 20 (2008). All four of these requirements must be established independently before injunctive relief can be granted. *See The Real Truth About Obama, Inc., v. Federal Election Commission*,

---

[2] *See Marshall v. Lanham*, No. AW-97-990 (D. Md. 1997); *Marshall v. Corr. Center of Howard Cnty.*, No. AW-97-2536 (D. Md. 1997); and *Marshall v. Kemmerer*, No. AW-02-2133 (D. Md. 2003).

575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

The second *Winter* factor is dispositive here: Marshall has not demonstrated that he is in imminent danger, merely that he fears he may be assaulted because Hickey and Spitzer work at WCI and may be involved should Marshall require transportation services in the future. It would offend due process were the court to wield its equitable power under these circumstances; it declines to do so.

Marshall's claim for money damages based on defendants' failure to transfer him could not proceed, even if he were not subject to the "three strikes" bar, as Marshall failed to complete administrative exhaustion prior to the filing of his complaint. Marshall filed his Administrative Remedy Process ("ARP") grievance concerning the need for separation between him and Officers Hickey and Spitzer on April 18, 2016. (ECF 1-1 at p. 1, ARP No. WCI-0869-16). The ARP was dismissed by the acting warden on May 18, 2016, after Marshall failed to submit documentation to support his claim. (*Id.* at pp. 2-3). Marshall does not appear to have appealed that decision, but instead filed the instant complaint one week later, on May 27, 2016. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007). While a court typically must rely on defendants to raise the failure to exhaust as an affirmative defense, *see Jones v. Bock*, 549 U.S. 216-17 (2007), it is apparent here that exhaustion has not occurred.

For these reasons, a separate order shall be entered denying in forma pauperis status and dismissing the case without prejudice.[3]

Date: July 15, 2016　　　　　　　　　　　　　　_____/S/_____
　　　　　　　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] Marshall may of course refile the action and pay the full $400 filing fee at the time of filing.